UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Jhishayon Xcell, | ) C/A No. 6:10-3223-HMH-BHH |
| Plaintiff, | ) |
| vs. | ) REPORT AND RECOMMENDATION |
| Titlebucks, | ) |
| Defendant. | ) |

The plaintiff, Jhishayon Xcell ("Plaintiff"), proceeding *pro se*, filed a complaint in this case on December 20, 2010.[1] Plaintiff's Motion for Leave to Proceed *in forma pauperis* under 28 U.S.C. § 1915(a) has been granted. Therefore, this case is subject to review pursuant to 28 U.S.C. § 1915(e)(2)(B). A review of the complaint reveals the absence of factual allegations that establish federal jurisdiction, so this action must be dismissed.[2]

*Pro Se* and *In Forma Pauperis* Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint herein pursuant to the procedural provisions of 28 U.S.C. § 1915. This review has been conducted in light of the following precedents: *Ashcroft v. Iqbal*, _ U.S. _, 129 S. Ct. 1937 (2009); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Estelle v. Gamble*, 429 U.S. 97 (1976); *Haines v. Kerner*, 404 U.S. 519 (1972); and *Gordon v. Leeke*, 574 F.2d 1147 (4th Cir. 1978).

---

[1] Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

[2] Plaintiff also simultaneously filed an unrelated complaint in C/A No. 6:10-3224-HMH-BHH, which is also recommended for dismissal for lack of jurisdiction in a separate report filed in that case.

The complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without paying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action is "frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i-iii). A court may also dismiss a case *sua sponte* for lack of jurisdiction or under Rule 41 of the Federal Rules of Civil Procedure. *Link v. Wabash Railroad Co.*, 370 U.S. 626 (1962).

This Court is required to liberally construe *pro se* documents, *Estelle v. Gamble*, 429 U.S. 97 (1976), holding them to a less stringent standard than those drafted by attorneys, *Hughes v. Rowe*, 449 U.S. 9 (1980) (*per curiam*). Even under this less stringent standard, however, the *pro se* complaint is subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct the plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## Discussion

Plaintiff filed suit against a company he claims stole his vehicle. The statement of

2

claim alleges verbatim: "Claims of possesion of vehicle stolen by Titlebucks. They site I didn't give address, when they keyed address into system incorrectly. This in turned allowed them to take possesion of my vehicle." ECF No. 1 at 3. Additional documents were submitted on January 14, 2010, which indicate Plaintiff provided Defendant notification of a new address, but Defendant sent notification of default to an incorrect address, resulting in the repossession of Plaintiff's vehicle. ECF No. 10. The complaint seeks "relief of court cost, title back, loss of wages, lien removed, pain and suffering, travel pay, and letter of apology." ECF No. 1 at 4.

The complaint fails to allege facts that invoke federal court jurisdiction. Unlike state courts, federal courts are courts of limited jurisdiction, "constrained to exercise only the authority conferred by Article III of the Constitution and affirmatively granted by federal statute." *In re Bulldog Trucking, Inc.*, 147 F.3d 347, 352 (4th Cir. 1998). Because federal courts have limited subject matter jurisdiction, there is no presumption that the court has jurisdiction. *Pinkley, Inc. v. City of Frederick*, 191 F.3d 394, 399 (4th Cir. 1999), citing *Lehigh Mining & Mfg. Co. v. Kelly*, 160 U.S. 337, 327 (1895). Accordingly, a federal court is required, *sua sponte*, to determine if a valid basis for its jurisdiction exists, "and to dismiss the action if no such ground appears." *Bulldog Trucking*, 147 F.3d at 352; *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

Plaintiff has the responsibility for establishing that this Court has jurisdiction in this case, as "the facts providing the court jurisdiction must be affirmatively alleged in the complaint." *Davis v. Pak*, 856 F.2d 648, 650 (4th Cir. 1988), citing *McNutt v. General*

3

*Motors Acceptance Corp.*, 298 U.S. 178 (1936).  To this end, Federal Rule of Civil Procedure 8(a)(1) requires that the complaint provide "a short and plain statement of the grounds for the court's jurisdiction."  If, however, the complaint does not contain "an affirmative pleading of a jurisdictional basis, the federal court may find that it has jurisdiction if the facts supporting jurisdiction have been clearly pleaded." *Pinkley, Inc.*, 191 F.3d at 399 (citing 2 Moore's Federal Practice § 8.03[3] (3d ed. 1997).  If the court, viewing the allegations in the light most favorable to the plaintiff, finds insufficient allegations in the pleadings, the court will lack subject matter jurisdiction. *Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir. 1999).

The complaint does not make an affirmative statement with the grounds for jurisdiction in this federal court.  The complaint fails to claim violation of a federal right, either based on a federal statute, the U. S. Constitution, or a treaty, which would establish federal subject matter jurisdiction in this case.  *See* 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.").  Even liberal construction of the factual allegations cannot support "federal question" jurisdiction in this case.  *Id.*

To the extent Plaintiff's allegations can be construed to set forth causes of action based on state law, such as negligence, conversion, breach of contract or fraud, they fail to establish federal jurisdiction. Federal courts have the discretion to hear and decide state law claims in conjunction with federal law claims, through the exercise of "supplemental jurisdiction."  28 U.S.C. § 1367; *Wisconsin Dep't of Corrections v. Schacht*, 524 U.S. 381, 387 (1998).  Plaintiff has not asserted cognizable claims based on federal law, so this

4

Court cannot exercise "supplemental" jurisdiction over Plaintiff's state law claims. *See Lovern v. Edwards*, 190 F.3d 648, 655 (4th Cir. 1999) ("[T]he Constitution does not contemplate the federal judiciary deciding issues of state law among non-diverse litigants.").

A civil action for Plaintiff's state law claims could also be cognizable in this Court under the diversity statute, if that statute's requirements were satisfied. *See* 28 U.S.C. § 1332(a). The diversity statute requires complete diversity of parties and an amount in controversy in excess of seventy-five thousand dollars ($75,000.00). *Id*. Complete diversity of parties in a case means that no party on one side may be a citizen of the same State as any party on the other side. *See Owen Equipment & Erection Co. v. Kroger,* 437 U.S. 365, 372-374 (1978). The complaint provides South Carolina addresses for both parties, so does not establish complete diversity of parties for jurisdiction under the diversity statute in this case.

The complaint fails to establish subject matter jurisdiction in this Court and therefore the case must be dismissed. Fed. R. Civ. P. 12(h)(3).

<u>Recommendation</u>

Accordingly, it is recommended that the District Judge dismiss the complaint *without prejudice* and without issuance and service of process. **Plaintiff's attention is directed to the important notice on the next page.**

                                         s/Bruce H. Hendricks
                                         United States Magistrate Judge

January 25, 2011
Greenville, South Carolina

5

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 300 E. Washington Street, Room 239
> Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).